ELIZABETH S. LOBDELL *vs.* FRANCIS B. HAYES & others, Administrators.

Heirs at law are entitled to the rents and profits of undevised real estate, including that of which the deceased was in possession under an equitable title, until lawfully sold for the payment of debts, although the estate is insolvent. This right extends to land devised to the widow, instead of which she has elected to take her dower; and is not affected by her demand upon the administrators of dower therein.

ACTION OF CONTRACT by one of the three children and heirs at law of Thomas J. Lobdell against the administrators with the will annexed of his estate, to recover a share of the rents of land of which he died possessed, since collected by the defendants at the request of the widow and heirs and as agents for all parties interested.

The testator by his will directed his debts to be paid, and authorized his executors, if necessary, to sell real estate for that purpose; and devised the land in question, one half to his widow in fee, and the other half in trust for his daughters.

Lobdell died insolvent, and all his estate, real and personal

was insufficient to pay the debts and liabilities of the estate, by an amount largely exceeding the sum collected as rents. The defendants have been duly authorized to sell all his real estate for payment of debts. His widow, who is still living, within the time allowed by law waived the provision made for her in the will, and claimed her dower, and made a written demand therefor on the defendants as administrators.

Part of this real estate consisted of houses in Bradford Street in Boston, built by Lobdell and owned by the city, into possession of which he had entered under agreements of the city to convey them to him upon payment of certain sums in instalments, all but one of which he had paid before his death, and that was afterwards paid by the defendants, who thereupon sold the houses, procured a deed from the city to the purchaser, and received the price from him.

Another part consisted of houses in Medford Court in Boston, subject at the time of Lobdell's death to a mortgage to George L. Montague, who had brought a suit in equity against Lobdell and the parties to this action, to enforce a trust therein, and the rents of which have by consent of all parties to that suit been collected by the defendants in this, and held by them subject to the order of the court in that suit, except as to houses which have been taken by Lobdell's widow for her dower without the consent and against the will of these defendants.

The residue of the real estate was owned by Lobdell in fee, partly subject to mortgages, some of which were overdue, but not foreclosed, at the time of his death.

During the time for which the defendants have received the rents, they have been obliged to expend large sums of money for the protection and preservation of the real estate and to keep it in a tenantable condition, and to pay the taxes, water rates and insurance thereon and the interest on the mortgages thereof; and have paid these with the knowledge of the plaintiff and without objection on her part. A portion of this was expended on houses which were never rented, a portion upon the Medford Court houses and a portion upon the Bradford Street houses.

Upon these facts the parties submitted the case to the decision of the court.

*G. Bancroft*, for the plaintiff.

*C. F. Choate*, for the defendants.

THOMAS, J. Upon the decease of the owner of real estate, it descends to and vests in his heirs at law, unless otherwise disposed of by his will. It vests in his heirs, however, subject to the payment of his debts. But until a sale is lawfully made for that purpose the heirs may enter upon the estate and receive the rents and profits. Their interest is determined only by the sale. *Gibson* v. *Farley*, 16 Mass. 287. *Boynton* v. *Peterborough & Shirley Railroad*, 4 Cush. 467.

This is true also of the estate in which the deceased had an equitable interest, which he had purchased of the city of Boston, upon which he had erected dwelling-houses, and of which he was in possession at the time of his death. Rev. Sts. *c.* 61, § 1; *c.* 74, §§ 8–14. *Reed* v. *Whitney*, 7 Gray, 533.

The real estate of Lobdell was disposed of by his last will and testament. In the portion devised in trust for his daughters, the heirs at law, as such, have of course no interest. But, in relation to so much as was devised to the widow, she, as she had a legal right to do, waived the provisions of the will. Of this estate there is no devise over. The devise fails, and the estate descends as intestate estate to the heirs at law.

The plaintiff is one of three heirs at law who take the estate devised to the widow, and the devise of which fails by her waiver of the provision of the will. The plaintiff would therefore be entitled to the possession of one third of such estate, or of the rents and profits of one third until the same is sold for the payment of debts; that is to say, she is entitled under the facts agreed to one third of one half of the rents received by the administrators, subject to the deductions hereafter stated.

By the agreed statement of facts it appears that the administrators in the collection of the rents and in the management and care of the estates acted as the agents of all the parties in interest. And from the amount to be accounted for as rents are first to be deducted the sums expended for repairs upon the real

estate, for interest upon the mortgages, for taxes and insurance, and a reasonable compensation to the administrators for their services in the care of the estates and collection of the rents.

As to the rents received from the houses in Medford Court they must be held to abide the decision in the suit of *Montague* v. *Lobdell.*

The demand of the widow upon the administrators for dower was of no avail, so far at any rate as it applied to the estates which, by her waiver of the provisions of the will, descended to the heirs at law, and no deduction is to be made from the plaintiff's share on that account.

If the parties are unable to agree upon the amount to be paid to the plaintiff, under the rules above stated, the case must be sent to an assessor to fix the amount.

*Judgment for the plaintiff.*